UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERTEX REFINING, NV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 3498 |
| | ) | |
| NATIONAL UNION FIRE INSURANCE, | ) | Judge Rebecca R. Pallmeyer |
| COMPANY OF PITTSBURGH, P.A., and | ) | |
| ASSURANCE AGENCY, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The facts of this case are laid out in the court's memorandum opinion and order denying Assurance's motion for summary judgment. The court assumes the reader's familiarity with those facts.

Plaintiff Vertex has proffered David L. Stegall as an expert witness. Stegall is "an insurance and risk management consultant specializing in the customs and practices of the property and casualty insurance industry." (Stegall Report, Exhibit B to Assurance's Motion to Bar [110], at 1.) He holds several "professional designations," in addition to having "held an insurance agent's license in all 50 states." (*Id.* at 2.) These designations include "Chartered Property & Casualty Underwriter (CPCU), Associate in Risk Management (ARM), Associate in Reinsurance (ARc), and Registered Professional Adjuster (RPA)." (*Id.*) Over the last few decades, he has also "been an insurance agent, an insurance agency owner, an insurance broker, an insurance company underwriter[,] and a managing general agent."

Stegall's brief report presents two overarching opinions: (1) that Assurance was authorized to "bind Vertex as a Lender's Loss Payee by virtue of" the Certificate of Insurance Clause contained in the underlying Policy; and (2) that Assurance did not meet the ordinary standard of care in the insurance industry when it failed to notify the insurance company of Vertex's lender's loss payee status. (Stegall Report, Exhibit B to Assurance's Motion to Bar [110],

1

at 5, 8.)  For the reasons described below, Mr. Stegall is barred from providing testimony on ultimate legal issues in the case, but he is permitted to testify on the narrow issues of custom, practice, and the insurance industry standard of care.

Federal Rule of Evidence 702 and the framework laid out by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) govern the admissibility of exert testimony.  Rule 702 permits

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if:
> (a)	the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)	the testimony is based on sufficient facts or data;
> (c)	the testimony is the product of reliable principles and methods; and
> (d)	the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  *Daubert* explained that Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. at 597.  "To determine reliability, the court should consider the proposed expert's full range of experience and training, as well as the methodology used to arrive a particular conclusion."  *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009).

Expert witnesses may not provide legal conclusions on ultimate legal issues.  *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (affirming a district court's ruling "that expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible").  To the extent that Mr. Stegall's report and proffered testimony draw conclusions about Vertex's status as a lender's loss payee under the Policy, that testimony is barred.  *BASF AG v. Great Am. Assur. Co.*, 522 F.3d 813, 818–19 (7th Cir. 2008) ("Under Illinois law, the interpretation of an insurance policy is a question of law.")  Because the court has resolved this question in favor of Vertex, however, at least at the summary judgment stage, however, the issue is moot.

Expert witnesses may testify to customary practices and standards of care in their industries, so long as they meet the requirements of Rule 702 and *Daubert*. *See Noffsinger v. Valspar Corp.*, No. 09 C 916, 2012 WL 895496, at *7 (N.D. Ill. Mar. 15, 2012) (explaining that an expert's opinion "that defendants did not use reasonable care is not a bare legal conclusion; it is an opinion of the standard of care in defendants' industry and his factual determination that they failed to adhere to that standard"). Assurance argues that Mr. Stegall fails to meet these requirements because his opinions are formed through allegedly faulty methodology and are unreliable. Specifically, Assurance contends that Mr. Stegall's review of only four depositions—all of Assurance employees—constitutes insufficient factual basis for his testimony. Next, Assurance claims that Mr. Stegall is not qualified to be an expert because he is not a licensed insurance producer, rendering his testimony unreliable. More broadly, Assurance asserts that "Mr. Stegall's opinions are irrelevant because they fail to help the trier of fact to understand the evidence or to determine a fact in issue." (Assurance's Motion to Bar [110], at 7[1] (capitalization altered).)

The court disagrees, and Mr. Stegall will not be barred from testifying at this stage of the proceedings. Mr. Stegall is qualified as an expert. He has broad experience in the insurance industry, ranging over several decades, and he holds multiple certifications and designations within the insurance industry. *See Scottsdale Ins. Co. v. City of Waukegan*, 689 F. Supp. 2d 1018, 1022 (N.D. Ill. 2010) (holding that an expert who was "a Chartered Property Casualty Underwriter, Registered Professional Liability Underwriter, Associate in Claims, Associate in Reinsurance, and Construction Risk Insurance Specialist with an MBA in management and finance [was] qualified by knowledge, skill, experience, training, and education" to provide expert testimony on whether an incident was covered by an insurance policy). The fact that Mr. Stegall

---

[1] Assurance did not paginate its brief, so the court refers to the pagination generated by the CM/ECF system upon filing.

is not a licensed insurance producer does not trouble the court, especially given that Assurance points to no legal support for this argument. To the extent that Assurance wishes to expose this gap in Mr. Stegall's resume, it is welcome to do so on cross-examination at trial. Nor does the fact that Mr. Stegall reviewed just four depositions render his testimony unreliable, given the narrow scope of his proffered opinions. In addition to the depositions of Assurance employees, Stegall also reviewed the Amended Complaint, Assurance's Answer, the Asset Purchase Agreement, and the Assignment of Proceeds Agreement. (Exhibit B to Stegall Report, Exhibit B to Assurance's Motion to Bar [110], at 1.) *Cf. Sommerfield v. City of Chicago*, 254 F.R.D. 317, 320 (N.D. Ill. 2008) (striking an expert report, where the plaintiff's expert relied entirely on the Amended Complaint and summaries of eleven depositions created by the plaintiff's attorney, without reviewing any original deposition transcripts or any non-summarized depositions). The narrow issues of custom, practice, and standard of care in the insurance industry, as they relate to the addition of lender's loss payees to insurance policies, should not require Mr. Stegall to review depositions of officers and employees of Vertex and Omega. If Assurance wishes to point out that Mr. Stegall did not review the deposition of the National Union underwriter, it is again welcome to do so at trial. Finally, Mr. Stegall's testimony regarding industry practices and standards of care will assist the trier of fact in understanding whether Assurance's policies for adding lender's loss payees, which Assurance did not follow, comport with industry standards.

Assurance may raise these challenges with the court again before trial. Assurance's motion to bar [110, 114] is granted in part and denied in part, in accordance with this opinion.

ENTER:

Dated: March 19, 2019

REBECCA R. PALLMEYER
United States District Judge